**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Justin D. Chamberlain, Special Agent (SA) for the Bureau of Alcohol, Tobacco,

Firearms and Explosives (ATF), being duly sworn, hereby depose and state as follows:

I make this affidavit in support of a criminal complaint for Sharise Destiny-Anne WILLIAMS

for the crime of Title 18, U.S.C. § 554 which prohibits the export of goods from the United

States.

1.  I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms

    and Explosives since December 2013.

2.  The facts in this affidavit come from my personal observations, training,

    experience, and information obtained from ATF Special Agents, Task Force

    Officers, Police Officers, Detectives, and witnesses.  This affidavit is intended to

    show that there is sufficient probable cause for the criminal complaint and does

    not set forth all information developed from the investigation.

3.  I know, based on my training and experience, that whoever knowingly…attempts

    to export or send from the United States, any merchandise, article, or object

    contrary to any law or regulation of the United States, or receives, conceals, buys,

    sells, or in any manner facilitates the transportation, concealment, or sale of such

    merchandise, article or object, prior to exportation, knowing the same to be

    intended for exportation contrary to any law or regulation of the United States,

    shall be fined under this title, imprisoned not more than 10 years, or both. 18

    U.S.C. § 554.

4.  I know, based on my training and experience, that, prior to exporting any firearm,

    firearm part, or ammunition from the United States, an individual is required to

obtain a license to export any firearm.

5. I know, based on my training and experience, that in cases charging 18 U.S.C. § 554, courts have upheld the consideration of "deliberate ignorance". *United States v. Galimah* 758 F.3d 928 (8th Cir. 2014); *United States v. Elashyi*, 554 F.3d 480 (5th Cir. 2008); *United States v. Soussi*, 316 F.3d 1095 (10th Cir. 2002). I further know that the Sixth Circuit supports considering deliberate ignorance when there is evidence to support an inference of deliberate ignorance. *United States v. Mitchell*, 681 F.3d 867 (6th Cir. 2012).

6. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that Sharise Destiny-Anne WILLIAMS violated 18 U.S.C. § 554.

7. On August 23, 2023, your affiant received information from the United States Department of Homeland Security Investigations (HSI) that the Royal Canadian Mounted Police (RCMP) received information a Canadian female named Sharise Destiny- Anne WILLIAMS was planning to fly into the United States through Detroit MI for the purpose of trafficking firearms from the United States to Canada.

8. Your affiant along with Task Force Officers (TFO) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Troopers of the Ohio State Highway Patrol (OSP), Agents of the United States Border Patrol (USBP) and Special Agents (SA) of the Department of Homeland Security Investigations (HSI) assisted with the traffic stop and subsequent arrest of WILLIAMS near mile marker 100, on the Ohio Turnpike (I-80) near Fremont, OH.

9.  Prior to the arrest, WILLIAMS was observed by Customs and Border Protection (CBP) at the Toronto Airport in Toronto, Ontario boarding a flight from Canada to Detroit Metro Airport in Detroit MI. WILLIAMS notified CBP that she was traveling to 3440 Secor Road, Toledo, OH. This address is associated to the Holiday Inn Express in Toledo, OH. CBP Agents observed WILLIAMS with a black, Nike brand duffle bag, a white purse, and a neck pillow. WILLIAMS did not have any checked baggage.

10. Upon arrival into Detroit, WILLIAMS was observed exiting Detroit Metro Airport and entering a vehicle enroute to Toledo, OH. WILLIAMS was observed with the same black bag, white purse and neck pillow as previously seen by CBP at the Toronto airport.

11. WILLIAMS did not arrive at 3440 Secor Road as previously declared to CBP. Instead, WILLIAMS traveled to a residence near Reynolds Road in the City of Toledo. Investigators observed WILLIAMS' vehicle pull into the driveway of the residence where a second vehicle was waiting. WILLIAMS exited the first vehicle with her bags and entered the rear passenger seat of the second vehicle. The vehicle exited the residence and traveled to the Ohio Turnpike (I-80). Investigators observed the vehicle enter the turnpike and travel eastbound towards Cleveland, OH.

12. At approximately mile marker 100, an OSP, marked K-9 Unit paced the vehicle at 70 MPH in a construction zone with a posted speed of 50 MPH. OSP Units initiated a traffic stop on the vehicle. A male driver was removed from the vehicle and consented to a search of the vehicle to include the trunk

of the vehicle. WILLIAMS was seated in the rear passenger seat and consented to a search of her baggage in the trunk of the vehicle.

13. Investigators opened the trunk of the vehicle and located the black duffle bag seen carried by WILLIAMS in Toronto, and in Detroit. Below that bag was a black piece of luggage. To the side of the luggage was a red and white duffle bag. Investigators opened the black gym bag and found clothing inconsistent with a female matching WILLIAMS' stature. In the black piece of luggage, Investigators observed dozens of black socks containing pistols. Beneath the black socks were several AR-style and AK style rifles. Investigators opened the red and white duffle bag and observed other pairs of black socks, all containing pistols. In total Investigators seized (3) rifles, (31) pistols, and (121) rounds of assorted ammunition from the trunk of the vehicle.

14. Investigators transported the male driver along with WILLIAMS to the Fremont OSP post for processing and questioning. All parties were Mirandized and agreed to speak with Investigators without an attorney present. WILLIAMS informed investigators she is paid to fly from Canada to United States where she travels to Toledo, OH to meet a driver. WILLIAMS accompanies the driver and various bags to New York State. WILLIAMS leaves the bags at different locations in New York and travels back to Canada through a Port of Entry (POE) land border crossing.

15. WILLIAMS told Investigators she knew she was transporting something illegal across the United States and that the "product" was headed to Canada.

16. On August 24, 2023, your affiant confirmed from the Department of

Commerce, WILLIAMS does not have a license to export firearms.

17. Based upon the information above, there is probable cause to believe that

Sharise Destiny-Anne WILLIAMS , did knowingly export or send from the

United States, (3) rifles, (31) pistols, and (121) rounds of assorted ammunition

contrary to any law or regulation to the U.S., or receive, concealed, bought,

sold, or in any manner facilitated the transportation, concealment, or sale of

such merchandise, article or object prior to exportation, knowing the same to

be intended for exportation contrary to any law or regulation of  the U.S. in

violation of 18 U.S.C. 544.


*Justin Chamberlain*

_____

SA Justin D. Chamberlain (ATF)


Sworn to via telephone after submission by reliable
electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1.
this 24th day of August 2023.


_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE